THOMAS v BURROUGHS CORPORATION

Docket No. 77-2036. Submitted March 21, 1978, at Detroit.—Decided July 6, 1978.

On October 20, 1972, Ethel Thomas filed for workmen's compensation benefits for injuries sustained in a fall in her employer's parking lot in 1966. The administrative law judge applied the two year back rule and awarded Mrs. Thomas $69 per week from October 20, 1970. The workmen's compensation appeal board affirmed the findings of the administrative law judge and modified the award to $74 per week from October 20, 1970, to May 1, 1973, the last day of Mrs. Thomas's son's dependency, and $69 a week after that until further order of the bureau, holding that Mrs. Thomas was entitled to the annual adjustment to the weekly maximum of benefits for 1969 and subsequent years provided for in the statute. Mrs. Thomas's employer, Burroughs Corporation, appeals to this Court by leave granted alleging that the rate adjustment provision of the statute applies only to personal injuries suffered during the year for which the adjustment is made. *Held:*

The annual adjustment of the maximum weekly benefits applies only to personal injuries suffered during the year for which the adjustment is made and does not affect individual payments for injuries from prior years. The correct rate of benefits is $69 per week from October 20, 1970, to May 1, 1973, and $64 per week thereafter.

Reversed and remanded with instructions.

WORKMEN'S COMPENSATION—MAXIMUM WEEKLY BENEFITS—ANNUAL RATE ADJUSTMENT OF MAXIMUM WEEKLY BENEFITS.

The annual rate adjustment of maximum weekly benefits provision of the workmen's compensation statute applies only to personal injuries suffered during the year for which the adjustment is made (MCL 412.9[b]; MSA 17.159[b]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Robert W. Howes),* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation § 591.

*LeVasseur, Mitseff, Egan & Capp, P. C.* (by *John P. Baril)*, for defendant.

Before: D. C. RILEY, P. J., and T. M. BURNS and CYNAR, JJ.

PER CURIAM. We granted Burroughs Corporation's application for leave to appeal in this workmen's compensation case to consider the narrow question of the correct rate of compensation to be paid by the employer to a worker injured in 1966 for the year 1968 and subsequent years under MCL 412.9(a), 412.9(f); MSA 17.159(a), 17.159(f).[1] We do not consider what differential benefits Mrs. Thomas may possibly be entitled to from the Second Injury Fund or any other questions.

Plaintiff filed a petition for hearing on October 20, 1972, seeking compensation for a back injury sustained in a fall in the employer's parking lot on August 17, 1966. The administrative law judge entered an open award of benefits of $69 per week, based on one dependent, from October 20, 1970, after applying the two year back rule (now MCL 418.381(2); MSA 17.237(381)(2)). The Workmen's Compensation Appeal Board[2] affirmed the finding of disability and modified the award to $74 per week from October 20, 1970, to May 1, 1973, inclusive (the last date of plaintiff's son's dependency) and $69 per week until November 15, 1974, and $69 per week until further order of the bureau (no dependents). The WCAB held that plaintiff, injured in 1966, was entitled to the annual adjustment to the weekly maximum of benefits for

---

[1] These provisions were replaced by the worker's disability act of 1969. Similar provisions are now found in MCL 418.351, 418.355; MSA 17.237(351), 17.237(355).

Because of MCL 418.891(3); MSA 17.237(891)(3) our review is of the former act. *Dalton v Candler-Rusche, Inc,* 65 Mich App 282, 283, fn 1; 237 NW2d 290 (1975).

[2] Only two members of the WCAB signed the opinion in this case, while three others concurred in the result.

1969 and subsequent years provided for in MCL 412.9(f); MSA 17.159(f).

1965 PA 44 amended subsection (a) of § 9 and added subsection (f). Insofar as relevant to this appeal, these subsections provide:

"Sec. 9. (a) While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation of 66-2/3% of his average weekly wages, but not more than $58.00 as of September 1, 1965, $61.00 as of September 1, 1966 and $64.00 as of September 1, 1967, if such injured employee has no dependents; $63.00 as of September 1, 1965, $66.00 as of September 1, 1966 and $69.00 as of September 1, 1967 if 1 dependent; * * * .

"(f) The maximum weekly rate in each dependency classification shall be adjusted once each year in accordance with the increase or decrease in the average weekly wage in covered employment, as determined by the Michigan employment security commission. The average weekly wage in covered employment determined by the Michigan employment security commission for the year ending September 30, 1967, shall be the base on which such adjustments are made.

"The first adjustment, if any, shall be made on January 1, 1969, and shall reflect the change, if any, between the average weekly wage for September 30, 1968, and the average weekly wage for September 30, 1967, and the adjustments shall be made in like manner on each January 1 thereafter, utilizing the average weekly wage for the preceding September 30. There shall be an adjustment made of $1.00 in the maximum rates for each $1.50 increase or decrease in the average weekly wage. The maximum weekly rate as so determined for the year in which the date of injury occurred shall remain fixed without further change as to the personal injury occurring within such year." MCA 412.9; MSA 17.159.

The question is whether the rate adjustment

made pursuant to § 9(f) is to apply only to personal injuries suffered during the year for which the adjustment is made, or to all injuries occurring since September 1, 1965. We agree with the conclusion stated in *Christopher v Chrysler Corp,* 1969 WCABO 1226, that the adjustment applies only to injuries sustained in the year that the adjustment is made.

In *Christopher* Chairman Iverson traced the path of the legislation which became 1965 PA 44. As introduced, the original Senate bill required that "weekly payments" be adjusted once each year. This provision was amended to require that the "maximum and individual weekly payments" be adjusted. The Senate deleted the reference to "individual weekly payments" before it passed the bill and sent it to the House. The House made changes in the maximum benefit level in each classification and added the last sentence of subsection (f): "The maximum weekly rate as so determined for the year in which the date of injury occurred shall remain fixed without further change as to the personal injury occurring within such year".

It seems clear to us, as it did to the WCAB in *Christopher,* that the Legislature, in light of the changes in the original bill, did not intend that individual payments for injuries from prior years be affected by the adjustments required by § 9(f), but only the maximum rate in each classification set out in § 9(a). This is inferentially supported by Justice LEVIN's statement in *Martin v Ford Motor Co,* 401 Mich 607, 611; 258 NW2d 465 (1977):

"Since 1965 the act has provided for an annual adjustment in the maximum weekly rate of compensation to reflect changes in the average weekly wage paid employed workers. *An upward adjustment in the maxi-*

*mum rate benefits only workers subsequently injured,*
except that a worker who is totally and permanently
disabled is entitled to receive, from the Second Injury
Fund, differential benefits reflecting post-injury adjust-
ments." (Emphasis added, footnote omitted.)

We therefore conclude that the WCAB erred and
that the correct rate of benefits is $69 per week
from October 20, 1970, to May 1, 1973, and $64 per
week thereafter.

Reversed and remanded for entry of an order
conforming to this opinion. No costs.